|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| GEORGE TREMAYNE WHITE, | ) | Case No. LA CV 16-4167 SJO (JCG) |
|---|---|---|
| Petitioner, | ) | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | ) | |
| NEIL MCDOWELL, *Warden*, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), [Dkt. No. 1], Respondent's Answer to the Petition, [Dkt. No. 11], Petitioner's Traverse, [Dkt. No. 14], the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 18], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 19], the remaining record, and has made a *de novo* determination.

Petitioner's objections generally reiterate the arguments made in his Petition and Reply, and lack merit for the reasons set forth in the R&R. There are two issues, however, that warrant brief discussion here.

First, in his Objections, Petitioner argues that the R&R's reliance on *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) was incorrect because the case was about

1

solitary confinement in the course of disciplinary proceedings, not about the denial of good-time credits. (*See* Obj. at 4.)

Although the facts of *Wolff* do involve solitary confinement, its holding applies to *all* prison disciplinary proceedings that deprive inmates of good time credits. *See Wolff*, 418 U.S. at 563-67; *Chavira v. Holland*, 2015 WL 1820895, at *3 (C.D. Cal. Apr. 21, 2015) (applying *Wolff* to petitioner's habeas claim that a 360-day loss of good time credits was imposed without due process). And as explained in the R&R, the due process requirements were met in Petitioner's disciplinary proceedings. (R&R at 6.)

Second, Petitioner argues that the state court's denial of habeas relief was not based on a reasonable determination of the facts. (*See* Obj. at 6.) However, Petitioner's claims involve *solely* the application of California law. (*See* R&R at 5.) As this Court has held, a petitioner's claim "that [] prison officials violated Cal. Penal Code § 2932(c)(1)(A), and California Code of Regulation, Tit. 15, § 3320 by not providing him with notice of the disciplinary charges within 15 days after discovery of the evidence giving rise to the charges. . . . [is] firmly rooted in state law and thus is not cognizable in a federal habeas corpus petition." *See Garrett v. Marshall*, 2009 WL 3417786, at *3 (C.D. Cal. Oct. 20, 2009).

//

//

//

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Sully v. Ayers*, 725 F.3d 1057, 1075-76 (9th Cir. 2013) ("[A]n evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.").

DATED: September 20, 2017.

　　　　　　　　　　　　　　　　　　　　　　　
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE